



**U.S. Department of Justice**

*United States Attorney*            *Criminal Division*
*District of New Jersey*            *Fraud Section*

---

*Fatime Meka Cano*                              *970 Broad Street, Suite 700 Direct Dial: (973) 645-2758*
*Assistant United States Attorney*              *Newark, New Jersey 07102*

*Cory E. Jacobs*                                *1400 New York Avenue, NW Direct Dial: (202) 616-4994*
*Trial Attorney*                                *Washington, D.C. 20005*

July 29, 2021

***Via Email***

Adam S. Kaufmann, Esq.
Jason H. Berland, Esq.
Lewis Baach Kaufmann Middlemiss PLLC
405 Lexington Avenue, 64th Floor
New York, NY 10174
*adam.kaufmann@lbkmlaw.com*
*jason.berland@lbkmlaw.com*

       Re:   <u>Plea Agreement with Gregory J. Blotnick</u>

Dear Messrs. Kaufmann and Berland:

       This letter sets forth the plea agreement between your client, Gregory J. Blotnick ("Blotnick"), and the United States Attorney for the District of New Jersey and the United States Department of Justice, Criminal Division, Fraud Section (collectively, "the United States"). This plea agreement will expire on August 12, 2021, if an executed copy is not returned to the United States on or before that date.

<u>Charges</u>

       Conditioned on the understandings specified below, the United States will accept a guilty plea from Blotnick to a two-count Information which charges Blotnick with: (1) wire fraud, in violation of 18 U.S.C. § 1343 (Count One); and (2) money laundering, in violation of 18 U.S.C. § 1957 (Count Two). If Blotnick enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the United States will not initiate any further criminal charges against Blotnick for, from in or about April 2020 through in or about March 2021, engaging in a scheme to fraudulently obtain federal Paycheck Protection Program ("PPP") loans and causing those loan funds to be deposited into various bank and brokerage accounts that Blotnick controlled, provided that: Blotnick admits under oath at the time of his guilty plea to: (1) knowingly and intentionally

submitting twenty-one fraudulent PPP loan applications to thirteen lenders (together, the "Lenders") on behalf of at least nine purported businesses that Blotnick controlled in connection with a wire fraud scheme in which Blotnick fraudulently intended to obtain a total of approximately $6,889,089 in PPP loan proceeds from the Lenders, and did obtain a total of approximately $4,681,796 in PPP loan proceeds from the Lenders; (2) knowingly engaging in a series of six transactions with the loan proceeds in which Blotnick transferred the funds from a bank account he controlled to a brokerage account he controlled; and (3) having this conduct taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c).

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Blotnick agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Blotnick may be commenced against him, notwithstanding the expiration of the limitations period after Blotnick signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 charged in Count One in the Information to which Blotnick agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1957 charged in Count Two in the Information to which Blotnick agrees to plead guilty each carries a statutory maximum prison sentence of 10 years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Blotnick is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory

2

fine. The United States cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Blotnick ultimately will receive.

Further, in addition to imposing any other penalty on Blotnick, the sentencing judge, with respect to both Count One and Count Two: (1) will order Blotnick to pay an assessment of $100 on each count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Blotnick to pay restitution pursuant to 18 U.S.C. §§ 3563(b)(2), 3583(d), or 3663; (3) may order Blotnick, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C); and (5) pursuant to 18 U.S.C. § 3583, may require Blotnick to serve a term of supervised release of not more than three years on each of Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should Blotnick be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Blotnick may be sentenced to not more than two years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Blotnick agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses. The parties agree that this amount shall be $4,681,796.

Rights of The United States Regarding Sentencing

Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed on Blotnick by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the United States may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

3

<u>Stipulations</u>

Blotnick and the United States agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either Blotnick or the United States from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, Blotnick and the United States waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Blotnick agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to wire fraud and money laundering schemes, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1957, as charged in the Information. Blotnick further agrees that the value of such property was $4,681,796; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by Blotnick, in an amount not to exceed $4,681,796 (the "Money Judgment"). Blotnick consents to the entry of an Order requiring him to pay the Money Judgement and agrees that such Order will be final as to him prior to

sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Blotnick's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Blotnick further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Blotnick waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Blotnick understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Blotnick further agrees that on or before the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Blotnick fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if the United States determines that Blotnick has intentionally failed to disclose assets on his Financial Disclosure Statement, Blotnick agrees that that failure constitutes a material breach of this agreement, and the United States reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Immigration Consequences</u>

Blotnick understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Criminal Division, Fraud Section, and cannot bind other federal, state, or local authorities. However, the United States will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Blotnick. This agreement does not prohibit the United States, any agency thereof (including the U.S. Securities and Exchange Commission, the Internal Revenue Service, or U.S. Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Blotnick.

No provision of this agreement shall preclude Blotnick from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Blotnick received constitutionally ineffective assistance of counsel.

Blotnick hereby waives any challenge to his conviction or sentence based upon the venue in which the prosecution of the Information was brought.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Blotnick and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney
United States Attorney's Office
District of New Jersey

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: *Fatime Meka Cano*
FATIME MEKA CANO
Assistant U.S. Attorney

By: *Cory C. Jacobs*
CORY E. JACOBS
Trial Attorney, Fraud Section

APPROVED:

*Bernard J. Cooney*
BERNARD J. COONEY
Chief
Government Fraud Unit

APPROVED:

*LHM*
LISA H. MILLER
Chief
Market Integrity & Major Frauds Unit

7

I have received this letter from my attorneys, Adam S. Kaufmann, Esq. and Jason H. Berland, Esq., and I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Gregory Blotnick_

_____          Date: 8/10/2021
Gregory J. Blotnick


We have discussed with our client, Gregory J. Blotnick, this plea agreement and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. Our client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:      08/10/2021
Adam S. Kaufmann, Esq.


_____          Date:      08/10/2021
Jason H. Berland, Esq.

**Plea Agreement with Gregory J. Blotnick**

**Schedule A**

1.     The United States and Gregory J. Blotnick ("Blotnick") recognize that the United States Sentencing Guidelines are not binding upon the Court. The United States and Blotnick nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Blotnick within the Guidelines range that results from the total Guidelines offense level set forth below.

2.     The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

**Count One — Wire Fraud**

3.     The applicable guideline for wire fraud is U.S.S.G. § 2B1.1. Because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).

4.     The intended loss amount, including all relevant conduct under U.S.S.G. § 1B1.2(c), consists of $6,889,089 in federal Paycheck Protection Program loan proceeds that Blotnick intended to obtain. Thus, the Specific Offense Characteristic results in an increase of 18 levels. U.S.S.G. § 2B1.1(b)(1)(J).

5.     Because the offense involved sophisticated means and Blotnick intentionally engaged in or caused the conduct constituting sophisticated means, it results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(10)(C).

6.     Because Blotnick derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of these offenses, including all relevant conduct under U.S.S.G. § 1B1.2(c), it results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(17)(A).

**Count Two — Money Laundering**

7.     The applicable guideline for money laundering is U.S.S.G. § 2S1.1, which requires the application of U.S.S.G. § 2B1.1, the applicable guideline for the underlying offense from which the laundered funds were derived (wire fraud). U.S.S.G. § 2S1.1(a)(1).

8.     The Base Offense Level under U.S.S.G. § 2S1.1 is therefore 29, as described in Paragraphs 3 through 6 above.

9.     The offense resulted in the conviction of Blotnick under 18 U.S.C. § 1957. This results in an increase of 1 level, under U.S.S.G. § 2S1.1(b)(2)(A).

9

## Grouping of Multiple Counts

10.     The United States and Blotnick agree that Counts One and Two of the Information are grouped together into a single group because those counts involve substantially the same harm under U.S.S.G. § 3D1.2.

11.     Pursuant to U.S.S.G. § 3D1.4, the adjusted offense level is 30.

## Acceptance of Responsibility and Plea

12.     As of the date of this letter, Blotnick has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Blotnick's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

13.     As of the date of this letter, Blotnick has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the court to allocate their resources efficiently. At sentencing, the United States will move for a further 1-point reduction in Blotnick's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Blotnick enters a plea pursuant to this agreement, (b) the United States in its discretion determines that Blotnick's acceptance of responsibility has continued through the date of sentencing and Blotnick therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Blotnick's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Blotnick is 27 (the "agreed total Guidelines offense level").

15.     Pursuant to 18 U.S.C. § 3553(a), Blotnick reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

16.     Blotnick knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. The United States will

not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.