UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF New Jersey

UNITED STATES OF AMERICA,

v.

Gregory J. Blotnick

Defendant,
_____/

Case No. 2:21-CR-00796-BRM-1

MOTION TO MODIFY TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C § 3582(c)(2)

COMES NOW the Defendant, Gregory J. Blotnick, who is PRO SE, and moves this Honorable Court to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), and as grounds, states the following:

1. Defendant is currently serving a sentence of incarceration following a conviction for a violation of U.S.C. § 18:1344 (Bank Fraud - PPP Loan Program)

2. On June 7, 2022, Defendant was sentenced to a term of 51 months for his offense. He is currently incarcerated at the Federal Correctional Institution - Low, in Coleman, Florida.

3. In April of 2023, the Sentencing Commission published proposed amendments to the U.S. Sentencing Guidelines, which included a two (2) level decrease for "Zero Point Offenders" who have no criminal history points.

4. In August, the newly created U.S.S.G. § 4C1.1 was enacted and made retroactive, with an effective date of November 1, 2023.

5. 18 U.S.C. § 3582(c)(2) provides that this Court may modify a term of imprisonment "in the case of a defendant who has been sen-

- 1 -

tenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)... upon motion of the defendant... [and] after consideration of the factors set forth in [18 U.S.C.] §3553(a)."

6. The instant offense is Defendant's only conviction in an otherwise law abiding life. At the time of Defendant's sentencing he had zero (0) criminal history points.

7. Defendant's offense did not involve any of the specific aggravating factors set forth in the guidelines that would disqualify an individual from receiving a two-level decrease as a "zero point offender" if he were sentenced today.

*See Exhibit A (attached)*

8. At the time of Defendant's sentencing he was a level ___ resulting in a guidelines range of ___ to ___ months.

9. If Defendant were to be sentenced today, he would be a level ___; resulting in a guidelines range of ___ to ___ months.

10. Defendant was sentenced to the ___ of the guidelines. Accordingly, an equivalent sentence would be a term of ___ months if he would be sentenced under the amended guidelines.

11. In addition to the amended guidelines, Defendant brings to the Court's attention the following post-sentencing rehabilitation efforts which can be considered under 18 U.S.C. § 3553(a) and further suport his grounds for a reduction: *See Exhibit A (attached)*

- 2 -

TRULINCS 45849509 - BLOTNICK, GREGORY J - Unit: COL-C-B

----------------------------------------------------------------------------

FROM: 45849509
TO:
SUBJECT: EXHIBIT A
DATE: 11/26/2023 06:24:36 PM

EXHIBIT A
------------

Judge Martinotti,

My name is Gregory Blotnick, and I was sentenced in your courtroom on June 7th, 2022 for PPP loan fraud. I'm currently at FCI Coleman Low serving out the 51-month sentence that was imposed.

I walked out of sentencing that day genuinely believing that justice was served. You weighed all the factors in my case with a fair and even hand, and I was especially impressed with how thoroughly you read my letters of recommendation (I was the one who had a friend that talked about how bad I was at high school football).

Today, I have attached this exhibit to add personal detail to the Motion for a Modified Sentence. It focuses on what has changed since June 7th, 2022, including post-sentencing rehabilitation efforts that would further support grounds for a reduction. First, an overview of my conduct during incarceration:

1. DISCIPLINARY & PROGRAMMING: I have had zero disciplinary issues of any kind and been programming to the fullest extent possible, most notably a 500-hour residential drug abuse program that I am currently enrolled in.

2. EDUCATION: I have been heavily involved with FCI Coleman Low's Education department since my arrival, teaching classes on Small Business Management and Personal Finance. One is part of the FSA program (First Step Act), the other is part of the ACE program (Adult Continuing Education). Both classes have directly reduced the risk of recidivism amongst the hundreds of inmates I've taught, not just because of the credits they earn from taking the class, but because each class graduates with the tools and knowledge necessary to start and manage their own fully legal business, rather than returning to a life of criminal behavior. I have earned several Certificates of Excellence as a teacher and facilitator for both programs which I can mail upon request.

3. EMPLOYMENT: I have remained employed as a bathroom orderly, scrubbing the toilets and urinals three times per day for a salary of $25 per month. All of these funds are being used to pay off my restitution owed to the government.

4. LETTERS OF SUPPORT: There are several staff members here at FCI Coleman Low who are willing to attest that my behavior has been exceptional during my period of incarceration, and I can have them directly mail letters of recommendation upon request.

I firmly believe your sentence of 51 months was fair given the facts at the time. However, I also believe a modification is nowy warranted given that the facts have changed since sentencing. Taking into account the two-point reduction for Zero Point Offenders, along with a reduction for exceptional post-sentencing rehabilitation efforts, I believe a fair modification for the sentence would be to 37 months.

Justice was served at sentencing. The 51-month punishment for my crime was widely disseminated thanks to the popularity of my case in the media, and it served its purpose as a deterrant to the general public, a warning that anyone who defrauds the American taxpayer will be dealt with swiftly and severely. But justice must also be served on the back end. It is only fair that when the law changes in favor of a defendant who has demonstrated exemplary post-sentencing behavior that his punishment reflect that change accordingly.

Some of your final words to me at sentencing, Judge Martinotti, were that you were certain you would never see me in your courtroom ever again. You were correct when you said it. I continue doing my best to prove you correct, and I try and go above and beyond by teaching the inmates around me how to make an honest living so that you will never again see any of them in your courtroom as well.

I hope you will seriously consider my request for a modification of sentence, and if there is any documentation in support of this request that I can mail between now and February 1st, 2024, please let me know. Thank you for your service to our country.

Gregory J. Blotnick

Gregory Blotnick #45849509
Federal Correctional Complex - Low
PO Box 1031
Coleman, FL 33521

TAMPA FL 335
SAINT PETERSBURG FL
29 NOV 2023 PM 8 L

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2023 DEC -4 P 3:09

Brian Martinotti
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102



07102-355199